# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case. No. 21-CR-245 (NEB/JFD) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Muse Mohamud Mohamed, | |
| Defendant. | |

Before the Court is Defendant Muse Mohamud Mohamed's Pretrial Motion for Severance of Counts (Dkt. No. 27). The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to Title 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The Court held a hearing on Defendant's Motion on February 25, 2022. (Hr'g Mins., Dkt. No. 43.) Defendant was present in court with his attorney, Charles Clippert, from Clippert Law Firm. (*Id.* at 1.) Assistant United States Attorney Angela Munoz represented the United States, together with Assistant United States Attorneys Allison Ethen and Kimberly Svendsen. (*Id.*) For the reasons that follow, the Court recommends that Defendant's Motion be denied.

## I.     BACKGROUND

A Grand Jury of this district returned an indictment in this case on November 18, 2021, charging Defendant with two counts of making a false declaration before a grand jury, in violation of Title 18 U.S.C. § 1623(a). (Dkt. No. 1). Defendant was arraigned before United States Magistrate Judge Tony N. Leung on November 24, 2021 (Dkt. No. 14).

Count One of the Indictment charges Mr. Mohamed with "knowingly mak[ing] a false declaration" before a Grand Jury on October 14, 2021, when he testified that "I got three absentee ballots from the elections office. I took – I took those ballots to the voters, they filled them out, they voted, and then I took them back and turned those – I turned those absentee ballots back to the election office." (Indictment at 1.) The Grand Jury charges that Mr. Mohamed knew that he had neither "tak[en] any ballots to three voters named on the absentee ballot envelopes," nor received "their ballots . . . to return to the election office," and thus, that Mr. Mohamed violated 18 U.S.C. § 1623(a) when he knowingly gave this false testimony. (*Id.* (citing 18 U.S.C. § 1623(a) (stating that "[w]however under oath . . . in any proceeding before . . . a grand jury of the United States knowingly makes any false material declaration . . . shall be fined under this title or imprisoned not more than five years, or both.")).)

Similarly, Count Two charges Mr. Mohamed with "knowingly mak[ing] a false material declaration" before a Grand Jury on the same day, October 14, 2021, when he testified that "I got the absentee ballot from the elections office and took it to Voter A[;]" and "I remember Voter A was the one who filled out the absentee ballots – or the absentee ballot, sealed it up, and then told me to drop it off for her." (*Id.* at 2.) The Grand Jury charges that Mr. Mohamed knew that he had "not receive[d] a sealed absentee ballot envelope from Voter A, and Voter A [had] not ask[ed] Mohamed to drop off Voter's A's absentee ballot," and therefore, that Mr. Mohamed violated 18 U.S.C. § 1623(a) when he knowingly gave this false testimony. (*Id.*)

Mr. Mohamed moves to sever these two counts from each other pursuant to Rule 14 of the Federal Rules of Criminal Procedure. (Def.'s Mot. at 1 (citing Fed. R. Crim. P. 14(a)).) Rule 14 provides relief from prejudicial joinder and states that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Defendant argues that, although Federal Rule of Criminal Procedure 8(a) provides that multiple offenses *may* be charged in the same indictment if they are the same or similar in character, or are connected by the same transaction, here the two charged counts in the Grand Jury's indictment are not properly joined and should be severed. (Def.'s Mot. at 1 (citing Fed. R. Crim. P. 8(a)).) Mr. Mohamed claims that severance is proper "where there is not a substantial identity of facts and participants between the events charged[,]" and that such is the case here where the counts in this Indictment improperly join "testimony offered at different dates with sufficient intervening acts so that they should be tried separately." (*Id.*)

The United States objects to Defendant's Motion and asks this Court to deny it and to find that the two counts against Mr. Mohamed may be properly tried together. (Pl.'s Mem. Opp'n at 5–6, Dkt. No. 30.) The United States argues that, contrary to Defendant's contention that the counts relate to testimony obtained on different dates, "the indictment charges the defendant with making two false declarations during the same session of testimony before the Grand Jury on October 14, 2021." (*Id.* at 5 (citing Indictment at 1–2).) The United States supports this argument by pointing to the transcript from Defendant's

Grand Jury testimony, which shows that Mr. Mohamed made both of the allegedly false declarations charged in the Indictment on the same day, October 14, 2021, before the same Grand Jury, and during a single session. (*Id.*) Thus, because "[t]he two counts are based on the same act or transaction," the United States argues that they "are properly charged in the same indictment." (*Id.* at 6.)

During oral argument on Defendant's Motion, Mr. Mohamed's counsel clarified that he mistakenly stated in Defendant's Motion that the Grand Jury had called Mr. Mohamed to testify on two separate days, when, in fact, Mr. Mohamed had testified twice on the same day. Counsel for the United States confirmed this fact at the hearing, noting that the transcript from the October 14 Grand Jury shows that Mr. Mohamed's testimony in the Indictment appears in a single Grand Jury transcript.

## II.   LEGAL STANDARD

If a defendant moves for a severance of counts, at step one, a court must determine whether joinder of the counts charged is proper in the first place under Federal Rule of Criminal Procedure 8. *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995). Two or more counts may be charged either together or separately if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

Even if joinder is proper, at step two, courts are still vested with discretion to sever counts pursuant to Federal Rule of Criminal Procedure 14. *Darden*, 70 F.3d at 1526. Federal Rule of Criminal Procedure 14 allows severance "[i]f the joinder of offenses . . . appears to

4

prejudice a defendant." Fed. R. Crim. P. 14(a). Rules 8 and 14 are to be liberally construed in favor of joinder. *Darden*, 70 F.3d at 1526 (citation omitted); *see also United States v. Rock*, 282 F.3d 548, 552 (8th Cir. 2002) (citation omitted). In making the discretionary decision whether, under Federal Rule of Criminal Procedure 14(a), to sever counts that were properly joined under Federal Rule of Criminal Procedure 8(a), courts follow the general principle that "[j]udicial economy and legitimate public interests favor a joinder of all offenses against the accused." *United States v. Dennis*, 625 F.2d 782, 801–02 (8th Cir. 1980) (citation omitted).

### III.   DISCUSSION

The Grand Jury properly charged Mr. Mohamed in a single indictment with two counts of making false declarations before a Grand Jury. (*See* Indictment at 1–2.) Count One charges Mr. Mohamed with falsely testifying to a Grand Jury on October 14, 2021, about three absentee ballots which Mr. Mohamed claimed that he obtained from the election office, took to voters who completed them, and then returned to the election office. (*Id.* at 1.) Count Two charges Mr. Mohamed with falsely testifying to that same Grand Jury on that same date about one of those three absentee ballots, which he claimed that he obtained from the election office, took to a voter to complete, and then returned to the election office. (*Id.* at 2.) Because the two acts alleged in Counts One and Two of the Indictment against Mr. Mohamed allege similar acts (false declarations) on the same day, before the same Grand Jury, the Court concludes that these two counts are properly joined in a single indictment under Federal Rule of Criminal Procedure 8(a). *See* Fed. R. Crim. P. 8(a) (stating that counts

5

that are both "of the same or similar character" and "are based on the same act or transaction" may be properly joined).

The Court recommends that Mr. Mohamed's Motion for severance of these properly joined counts be denied. The prosecution may properly proceed on the current two-count Indictment. Both offenses are charged as violations of 18 U.S.C. § 1623(a) for testimony given "under oath . . . before . . . [a] grand jury of the United States" in which a defendant "knowingly makes any false declaration[.]" (*See* Indictment at 1–2 (citing 18 U.S.C. § 1623(a)).) Both allege the same unlawful action (false testimony), against the same entity (a single Grand Jury), on the same day (October 14, 2021), captured on the same record (a single Grand Jury session transcript). (*See id.*) Additionally, Count Two will also require the same proof of its falsehood as that required by Count One. Both counts in the Indictment charge Defendant with false material declarations about the same alleged actions of assisting absentee voters to vote. The only material difference is that Count One alleges that Defendant made false statements about his assistance to *three* absentee voters, while Count Two alleges that he made false statements about his assistance to *one* absentee voter.

Neither in his written Motion (Dkt. No. 27), nor at oral argument, did Mr. Mohamed present any claim that he is unfairly prejudiced by the joinder of Counts One and Two in a single Indictment. Mr. Mohamed argued only that Counts One and Two were not properly charged in a single indictment in the first place, and he based that argument on a conceded mistake of fact—that the two alleged false declarations were made on different days. Relief from joinder under Rule 14(a) will be granted only on a showing of prejudice, and there is no

6

such showing here. Moreover, joinder of both false statement charges accusations against Mr. Mohamed is economical. *See Dennis*, 625 F.2d at 801–02. Because the two counts for making false statements contained in the Indictment of Mr. Mohamed do not require "different factual proofs of their falsehood," denial of Mr. Mohamed's Motion is proper. *See United States v. Feldhacker*, 849 F.2d 293, 297 (8th Cir. 1988).

## IV.  RECOMMENDATION

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendant Muse Mohamud Mohamed's Pretrial Motion for Severance of Counts (Dkt. No. 27) be **DENIED**.


Dated: March 16, 2022

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).