UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-CR-245 (NEB/JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **DEFENDANT'S RESPONSE** |
| v. ) | **TO LIMINE MOTIONS** |
| Muse Mohamud Mohamed, ) | |
| ) | |
| Defendant. ) | |

Pursuant to the January 20, 2022 Trial Notice and Pretrial Order [Docket No. 34], the defendant Muse Mohamud Mohamed, through his attorney Charles F. Clippert, responds to the Government's limine motions.

I.  Ballots and Transcripts

The Defendant opposes the Government's limine motions seeking to introduce ballots where Mr. Mohamed is purported to be a witness to agency ballot and to his testimony from the grand jury. As a general rule, "extrinsic evidence is not admissible to prove specific instances of aa witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). "The rule does not address the admissibility of extrinsic evidence used to impeach a witness through bias, lack of competency, or contradiction." *United States v. Rojas*, 826 F.3d 1126, 1131 (8th Cir. 2016). At the very least, if the Court is going to consider admitting the evidence, the Court should reserve it's ruling until such a time that the Court has heard the testimony of the witness so it can determine what the evidence would be used for.

However, the Court should preclude the evidence as cumulative. The Government has acknowledged that it will "present substantial and compelling evidence that Mohamed knew his statements that he interacted with voters and was asked by voters to serve as their agent in the delivery were false…." (Doc. 47 at 6). The Government acknowledges that they believe they have the evidence to convict Mr. Mohamed. The Court can exclude evidence probative evidence if its probative value is substantially outweighed by the danger of "confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Not only is the evidence cumulative based on the Government's own assertion, the evidence may confuse the jury or mislead the jury by creating confusion about what day the Government believes Mr. Mohamed provided false testimony and which ballots are actually involved in the charges. The testimony and the ballots should be excluded.

**II.** Testimony From the Executive Director of CAIR

The Government argues that the defendant's proposed testimony from the executive of CAIR is inadmissible in its trial brief. (Doc. 47 at 8) The evidence is admissible to establish the bias of the witnesses being brought in against him. "Because the bias of a witness is always relevant, the penalty to which Jones would have been subject had he not testified against Caldwell cannot be characterized as collateral." *United States v. Caldwell*, 88 F.3d 522, 525 (8th Cir. 1996). "Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness. We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense."

2

*California v. Trombetta*, 467 U.S. 479, 485 (1984).  Given the relationship between the F.B.I. and the Somali community, it is unlikely the Government's witnesses will come into a Federal building and admit their conflict with the F.B.I.  This might also be an issue that the Court should reserve making a ruling on until after the Government's witnesses have testified.

Dated: April 21, 2022

                                                Respectfully submitted,

                                                */s/ Charles F. Clippert*
                                                BY: Charles F. Clippert
                                                Attorney for Defendant