UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-245 (NEB/JFD)

UNITED STATES OF AMERICA,

        Plaintiff,

v.                       **PROTECTIVE ORDER**

MUSE MOHAMUD MOHAMED,

        Defendant.

On April 28, 2022, the United States moved, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for an order restricting the dissemination of certain Rule 16 discovery material.

This Court has ordered the United States to make all disclosures required by Rule 16 of the Federal Rules of Criminal Procedure. Those disclosures include materials that contain personal identifiers of non-party individuals, including dates of birth, social security numbers, driver's license numbers, bank account numbers, home addresses, and other personal information. The United States has shown good cause why the dissemination of this protected material should be limited.

WHEREFORE, it is hereby ORDERED pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, that "Protected Material," as defined below, shall be held in strict confidentiality and used only in connection with the defense of the charges in this case, and for no other purpose. The Court further ORDERS as follows:

1. "Protected Material" means any material containing personal identifiers, including dates of birth, social security numbers, driver's license numbers, bank account numbers, home addresses, telephone numbers, and any other personal information of non-party individuals.

2. Protected Material must be stored and handled in a manner commensurate with the confidential and sensitive nature of the Protected Material.

3. Protected Material shall be held in strict confidentiality by the defendant and defense counsel and may be used only for purposes of this litigation.

4. Protected Material may not be copied or disseminated, nor may the information contained in the documents and records be disclosed to anyone other than a "Qualified Person," defined as counsel for the defendant, and the investigators, paralegals, clerical staff, and secretarial staff employed by defense counsel, and expert witnesses and their staff retained by defense counsel. Defense counsel shall limit the making of copies to those necessary to their activities as counsel.

5. All individuals having access to Protected Material shall be informed of the terms of this Protective Order prior to disclosure. All such individuals shall certify, by signing a copy of this Protective Order, that they have read the terms of this Order and understand that they are bound by these terms. Defense counsel shall maintain a file of such written certifications.

6. Defense counsel may advise the defendant of the contents of the Protected Material, subject to the condition that the defendant has read this Order and that he understands and agrees to be bound by its terms.

7. The use of Protected Material covered by this Order for any purpose other than the instant litigation shall be deemed a violation of this Order punishable by sanctions.

8. Any filings with the Court that contain Protected Material shall be filed under seal and clearly marked with a legend stating: "PROTECTED MATERIAL ENCLOSED."

9. Any documents or other materials containing the Protected Material, and all copies of them, must be destroyed or returned to the Government within sixty (60) days of the conclusion of this litigation.

Dated: May 2, 2022

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge