UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-245 (NEB/JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MOTION *IN LIMINE*** |
| MUSE MOHAMUD MOHAMED, | |
| Defendant. | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Angela M. Munoz and Kimberly A. Svendsen, Assistant United States Attorneys, submits its response to the defendant's Supplemental Limine Motion (Dkt. No. 76).

The defendant moves for an order precluding the government from offering into evidence portions of his October 14, 2021 grand jury transcript (Gov't Ex. 1) on the grounds that they are irrelevant and unfairly prejudicial. The defendant's October 14, 2021 grand jury transcript contains the false statements with which he is charged in this case. At trial, the government has the burden to prove beyond a reasonable doubt that the defendant made false statements, that he did so knowingly, and that the false testimony was capable of influencing the grand jury. Because it is necessary for the government to be permitted to present the jury with the entire context of the defendant's October 14, 2021 grand jury testimony, the government respectfully requests that the Court deny the defendant's motion.

"Generally, relevant evidence is admissible at trial." *United States v. Wright*, 993 F.3d 1054, 1061 (8th Cir. 2021) (citing Fed. R. Evid. 402). "Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. The threshold for relevance is quite minimal." *Id.* (quoting *United States v. Croghan*, 973 F.3d 809, 823-24 (8th Cir. 2020)). The Eighth Circuit has "recognized that the scope of relevant evidence under Federal Rule of Evidence 401 includes 'evidence providing the context in which the crime occurred, i.e. the *res gestae*.'" *United States v. Morrison*, 748 F.3d 811, 812 (8th Cir. 2014) (quoting *United States v. LaDue*, 561 F.3d 855, 857 (8th Cir. 2009) (internal quotation marks omitted).

"Even when evidence is relevant, however, the trial court may exclude it 'if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Wright*, 993 F.3d 1061 (quoting Fed. R. Evid. 403). "But 'Rule 403 does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is *unfairly* prejudicial.'" *Id.* (quoting *United States v. Huyck*, 849 F.3d 432, 440 (8th Cir. 2017)). "Unfair prejudice means an undue tendency to suggest decision on an improper basis, including evidence which is so inflammatory on its face as to divert the jury's attention from the material issues in the trial." *Id.* (quoting *Huyck*, 849 F.3d at 440) (cleaned up).

Applying this analysis, the Eighth Circuit has held that both sides of conversations between criminal defendants and third parties are admissible into evidence where the

2

conversation or chat links the defendant to the charged offense. *See, e.g., Wright*, 993 F.3d at 1062-63 (affirming admission of both sides of Facebook conversations between the defendant and others in which both parties refer to guns). Moreover, "[w]hen out-of-court statements are not offered for their truth, but instead to provide context for certain responses, they are not hearsay." *United States v. Lamm*, 5 F.4th 942, 948 (8th Cir. 2021) (citing *United States v. Manning*, 738 F.3d 937, 943 (8th Cir. 2014) (affirming admission of online chat transcripts used to establish defendant's interest in trading child pornography)).

In this case, the defendant seeks to preclude the admission of portions of his grand jury testimony involving two different categories of questions: (1) questions by the prosecutor in which he is confronted with the statements of the three people for whom he purported to act as an agent that they did not ask him to be their agents; and (2) questions by the grand jurors in which they "comment on Mr. Mohamed's veracity." The government will make a copy of the defendant's October 14, 2021 grand jury transcript (Gov't Ex. 1) available for the Court's review at the pretrial conference.

The Court should deny the defendant's motion because both categories of questions the defendant seeks to exclude will provide the jury with relevant and important context for the defendant's false statements to the grand jury that he took the absentee ballots to the voters, they filled them out, and he returned them to the election office. Moreover, neither category of questions is *unfairly* prejudicial to the defendant because neither category is so inflammatory on its face as to divert the jury from the material issues in this trial.

The first category of questions refers to a portion of the grand jury transcript in which the defendant—after having made the charged false statements to the grand jury—is confronted with the fact that each of the three voters denied giving him their ballots and given an opportunity to tell the truth about where he obtained the ballots. That the defendant chose to persist vehemently in his false statements despite being informed of the voters' statements and provided with an opportunity to tell the truth is powerful evidence of his deliberate decision to testify falsely. It shows that the defendant did not make a mistake or have a misunderstanding—he knowingly made false statements to the grand jury.

Similarly, the second category of questions encompasses approximately nine transcript pages in which the grand jurors themselves unsuccessfully attempted to elicit truthful testimony from the defendant about where he obtained these ballots. The grand jurors' persistence in questioning the defendant about this specific issue, and his continuing refusal to provide them with the information they were seeking, is important evidence that the grand jurors found the defendant's statements material.[1]

---

[1] The Eighth Circuit has recognized that the government may prove the materiality of false statements before the grand jury in various ways, including by "introduc[ing] a transcript of the grand jury proceedings," or by "produc[ing] testimony from the foreperson of the grand jury. *United States v. Ostertag*, 671 F.2d 262, 265 (8th Cir. 1982). At trial in this case, the government's intent is to prove materiality by introducing the defendant's grand jury transcript rather than by calling the foreperson of the grand jury as a witness. The government produced the defendant's grand jury transcript in its initial discovery disclosures in December 2021 and again as its marked Government Exhibit 1 in compliance with the Court's trial notice in April 2022, and the defendant has never indicated any objection to the admission of any portions of the transcript. To the extent the government is precluded from admitting the grand jurors' questioning of the defendant as evidence of

Finally, several courts have recognized that in a case in which the defendant is charged with making false statements to the grand jury in violation of 18 U.S.C. § 1623, it is appropriate for the government to introduce the complete transcript of the defendant's grand jury testimony. *See*, *e.g.*, *United States v. Bell*, 623 F.2d 1132, 1135 (5th Cir. 1980) ("In prior decisions, this Court has suggested that the government may carry its burden by introducing the full transcript of the grand jury proceedings or by presenting testimony from anyone who witnessed the grand jury proceedings."); *United States v. Anfield*, 539 F.2d 674, 678 (9th Cir. 1976).

For the foregoing reasons, the government respectfully requests that the defendant's supplemental motion in limine be denied.

Dated: May 4, 2022                                   Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*/s/ Angela M. Munoz*

BY: ANGELA M. MUNOZ
KIMBERLY A. SVENDSEN
Assistant U.S. Attorneys

---

materiality, the government may seek leave to call the grand jury foreperson to provide testimony on this issue.